IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | * | |
| | * | |
| v. | * | |
| | * | |
| ELIZABETH G. WEESE | * | CIVIL NO. JFM-02-402 |
| | * | |
| and | * | |
| | * | |
| BRIAN D. WEESE | * | |
| | ***** | |

MEMORANDUM

This is an appeal from the Bankruptcy Court's order dismissing the involuntary

bankruptcy case filed by Bank of America, N.A., Allfirst Bank, MART Limited Partnership, and

Community Banks, N.A. (the "creditors") against Elizabeth G. Weese and Brian D. Weese (the

"Weeses") for lack of subject matter jurisdiction.  I find that the Bankruptcy Court erred in

dismissing the involuntary bankruptcy case and should have allowed the creditors to amend the

original involuntary bankruptcy petition by deleting Brian Weese as a debtor.  Accordingly, I

will reverse the order of the Bankruptcy Court and remand for further proceedings consistent

with this opinion.

I.

The Weeses are jointly and severally indebted to the creditors for amounts in excess of

$25,000,000.00.[1]  On August 23, 2001, the creditors filed an involuntary bankruptcy petition

naming both the Weeses under Chapter 7 of the Bankruptcy Code (the "joint involuntary

_____

[1] A judgment was entered by the Circuit Court for Baltimore City, Maryland reflecting
this debt.

-1-

petition"). Prior to the filing of the joint involuntary petition, the Weeses allegedly transferred millions of dollars into an offshore trust created pursuant to the laws of the Cook Islands in an effort to defraud the creditors.

On September 6, 2001, the Bankruptcy Court issued a summons, which contained the names of both Elizabeth Weese and Brian Weese, as had the joint involuntary petition. The summons and a copy of the joint involuntary petition were served upon the Weeses on September 17, 2001 with instructions to file a motion or answer within twenty days. On September 28, 2001, before the Weeses had filed an answer or a motion, the creditors amended the involuntary petition to delete Brian Weese as a debtor. The creditors were essentially attempting to maintain the August 23 filing date, thereby potentially entitling them to greater claims.[2]

The Weeses filed an objection to the line dismissing Brian Weese and a motion to dismiss the joint involuntary proceeding for lack of subject matter jurisdiction on October 9, 2001. After hearing oral argument, the Bankruptcy Court ruled that the joint involuntary petition was improperly filed under § 303(a) of the Bankruptcy Code. The Bankruptcy Court further held that under In re Jones, 112 B.R. 770 (Bankr. E.D. Va. 1990), it lacked subject matter jurisdiction over the involuntary case and that it therefore could not remedy the joint involuntary petition. Accordingly, the Bankruptcy Court dismissed the case.

---

[2]The same day they amended the original involuntary petition, the creditors also filed separate involuntary Chapter 7 proceedings against Brian Weese and Elizabeth Weese, individually. These cases were later voluntarily converted into Chapter 11 cases and consolidated with other voluntary Chapter 11 cases filed by the Weeses in January 2002.

II.

Both parties agree that the joint involuntary petition was incorrectly filed. Under 11 U.S.C. § 303(a), an involuntary case may only be commenced against a "person." See Jones, 112 B.R. at 771. Since two debtors, for example a husband and wife, do not constitute a "person," joint involuntary cases may not be maintained. The question presented in this case is whether a joint involuntary petition must be dismissed for lack of subject matter jurisdiction or whether one of the debtors may be dropped as a party and the action continued. There is a split of authority on the issue. Compare Allen v. Old National Bank of Washington (In re Allen), 896 F.2d 416, 420 (9th Cir. 1990), King v. Fidelity National Bank of Baton Rouge, 712 F.2d 188, 190-91 (5th Cir. 1983), In re Alexander, 1999 WL 240336, at *3 (Bankr. D. Vt. 1999), In re Gale, 177 B.R. 531, 534-36 (Bankr. E.D. Mich. 1995), In re Western Land Bank, Inc., 116 B.R. 721, 723-25 (Bankr. C.D. Cal. 1990), and In re South Florida Title, Inc. v. BKC-TCB, 92 B.R. 548, 549 (Bankr. S.D. Fla. 1988), with Benny v. Chicago Title Ins. Co. (In re Benny), 842 F.2d 1147, 1148-49 (9th Cir. 1988), Jones, 112 B.R. at 773; In re Calloway, 70 B.R. 175, 180 (Bankr. N.D. Ind. 1986).

A bankruptcy court's conclusions of law are reviewed de novo. First Nat'l Bank of Md. v. Stanley (In re Stanley), 66 F.3d 664, 667 (4th Cir.1995). The Bankruptcy Court based it legal conclusion on the reasoning in Jones. "The reasoning in Jones entails a simple, two-step process: (1) the court does not have subject matter jurisdiction over a joint involuntary case; and (2) lacking such jurisdiction, a court has no choice but to dismiss the case." Gale, 177 B.R. at 532 (citing Jones, 112 B.R. at 773).

The internal logic of this reasoning is incontrovertible. But it begins from too narrow a

conception of subject matter jurisdiction as being something that is created by the allegations in a party's initial pleading. Rather, subject matter is created by the Constitution and by statute, and if a party brings an action falling within jurisdiction that Congress has constitutionally conferred, the Federal Rules of Civil Procedure provide a means for courts to drop parties whose presence in the litigation would destroy federal jurisdiction.[3] Thus, courts routinely eliminate nondiverse parties to preserve diversity jurisdiction. See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc., 181 F.3d 759, 763 (6th Cir. 1999); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1154 (9th Cir. 1998). It follow a fortiori that Fed. R. Civ. P. 15 (applicable here through Fed. R. Bank. P. 7015 and 7018) permits a party to amend its initial pleading to dismiss voluntarily a party who has not yet responded and whose joinder would deprive the court of exercising the subject matter jurisdiction it possesses.[4]

I ask the parties to advise me on or before April 26, 2002, if they believe I should certify this ruling for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In the interim, I will withhold issuance of an order implementing the ruling in this Memorandum.

---

[3]Use of the Federal Rules for this purpose is consistent with their intent of having cases decided on the merits, not on the basis of "mere technicalties." Canady v. Crestar Mortg. Corp., 109 F.3d 969, 974 (4th Cir. 1997); see also Conley v. Gibson, 355 U.S. 41, 48 (1957)("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.")

[4]Because Rule 15 is applicable here, I need not decide the question of whether Fed. R. Civ. P. 21 applies to contested involuntary petitions. See King, 712 F.2d at 190-91; Gale, 177 B.R. at 536-37; Western Land Bank, 116 B.R. at 726; South Florida Title, 92 B.R. at 549.

Date: _April 18, 2002_

J. Frederick Motz
United States District Judge